IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.: 2:21-cr-00854-BHH |
| ) | |
| v. ) | |
| ) | |
| DENZEL JERMAINE WASHINGTON, ) | |
|   a/k/a "Jizzle" ) | |

### PRELIMINARY ORDER OF FORFEITURE
### AS TO DENZEL JERMAINE WASHINGTON

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Denzel Washington, ("Washington", "Defendant"), based upon the following:

1.  On August 9, 2022, a Second Superseding Indictment ("Indictment") was filed charging Washington with:

    Count 1:    Conspiracy to possess with intent to distribute and distribute a quantity of crack cocaine, a quantity of Oxycodone and a quantity of marijuana, in violation of 21 U.S.C. § § 841 (a)(1), (b)(1)(C), (b)(1)(D) and 846;

    Counts 2, 5, 8 & 9:
    Possession of a firearm and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § § 922(g)(1), 924(a)(2) and 924(e);

    Count 3:    Possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § §841 (a)(1) and (b)(1)(D);

    Counts 4, 7 & 11:
    Possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i);

    Count 6:    Possession with intent to distribute a quantity of cocaine, a quantity of crack cocaine and a quantity of marijuana, in violation of 21 U.S.C. § § 841(a)(1), (b)(1)(C) and (b)(1)(D);

    Count 10:    Possession with intent to distribute a quantity of marijuana and a quantity of oxycodone hydrochloride, in violation of 21 U.S.C. § § 841(a)(1), (b)(1)(C) and (b)(1)(D);

    Counts 12-16:

    Knowingly and intentionally did use a communication facility, to wit: a telephone, to facilitate the commission of a felony, under the Controlled Substances Act, to wit: conspiracy to possess with intent to distribute, possession with intent to distribute, and distribution of controlled substances as set forth above; and did aid and abet others in the commission of the aforesaid offense in violation of 21 U.S.C. § § 841(a)(1), 843(b), 846 and 18 U.S.C. § 2.

2.    Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that, upon Washington's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to, the following:

    A.    Forfeiture Judgment:[1]

    A sum of money equal to all proceeds the Defendant obtained as a result of the offenses charged in the Superseding Indictment, and all interest and proceeds traceable thereto as a result for his violation of 21 U.S.C. § 841.

    B.    Firearms:

    1.    Ruger, Model Ruger-57, semiautomatic pistol
CAL.: .57  S/N: 642-07112
Asset ID: 22-ATF-039744

    2.    Glock GMBH semiautomatic pistol
CAL.: 9mm  S/N: BPZW326
Asset ID: 22-ATF-037667

---

[1] The government is not pursuing a forfeiture judgment against the defendant.

        3.      Smith & Wesson M&P semiautomatic pistol
CAL.: .40 S/N: HPW0809
Asset ID: 22-ATF-037672

        4.      Glock GMBH pistol
CAL.: .27  S/N: NFY649
Asset ID: 20-ATF-033131

B.    <u>Ammunition:</u>

        1.      22 rounds assorted ammunition
CAL.: .40
Asset ID: 20-ATF-033132

        2.      11 rounds assorted ammunition
CAL.: 9mm
Asset ID: 22-ATF-037670

        3.      8 rounds assorted ammunition
CAL.: .40
Asset ID: 22-ATF-037674

        4.      22 rounds assorted ammunition
CAL.: Multi
Asset ID: 22-ATF-037677

        5.      55 rounds assorted ammunition
CAL.: .380
Asset ID: 22-ATF-037678

        6.      9 rounds Winchester-Western ammunition
CAL.: 9mm
Asset ID: 22-ATF-037685

        7.      18 rounds FN (FNH) ammunition
CAL.: .57
Asset ID: 22-ATF-039745

      3.    On March 1, 2023, Washington signed a Plea Agreement, agreeing to forfeiture and entered a plea of guilty as to Counts 1, 2, 3 and 4 of the Second Superseding Indictment.

4.     Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § § 853, 881, and 28 U.S.C. § 2461(c).

5.     The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offenses for which Washington has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1.     The below-described property, and all right, title, and interest of the Defendant, Denzel Jermaine Washington, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n):

    A.    <u>Firearms</u>:

        1.    Ruger, Model Ruger-57, semiautomatic pistol
CAL.: .57  S/N: 642-07112
Asset ID: 22-ATF-039744

        2.    Glock GMBH semiautomatic pistol
CAL.: 9mm  S/N: BPZW326
Asset ID: 22-ATF-037667

        3.    Smith & Wesson M&P semiautomatic pistol
CAL.: .40 S/N: HPW0809
Asset ID: 22-ATF-037672

        4.    Glock GMBH pistol
CAL.: .27  S/N: NFY649
Asset ID: 20-ATF-033131

    B.    <u>Ammunition:</u>

        1.    22 rounds assorted ammunition

        CAL.: .40
        Asset ID: 20-ATF-033132

2.     11 rounds assorted ammunition
        CAL.: 9mm
        Asset ID: 22-ATF-037670

3.     8 rounds assorted ammunition
        CAL.: .40
        Asset ID: 22-ATF-037674

4.     22 rounds assorted ammunition
        CAL.: Multi
        Asset ID: 22-ATF-037677

5.     55 rounds assorted ammunition
        CAL.: .380
        Asset ID: 22-ATF-037678

6.     9 rounds Winchester-Western ammunition
        CAL.: 9mm
        Asset ID: 22-ATF-037685

7.     18 rounds FN (FNH) ammunition
        CAL.: .57
        Asset ID: 22-ATF-039745

2.     Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

3.     The United States shall publish notice of this Order and its intent to dispose of the personal property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

4.     Upon entry of this Order, the United States is authorized to seize the above-

described property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

5.  Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

6.  Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

7.  After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8.  The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

9.  The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. Upon entry of the criminal judgment, this Order becomes final as to Defendant and shall be made a part of the sentence and included in the criminal

judgment.

11.   The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                                                  s/ Bruce Howe Hendricks
                                                  BRUCE HOWE HENDRICKS
                                                  UNITED STATES DISTRICT JUDGE

March 14, 2023, 2023
Charleston, South Carolina